UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-20674-JLK (s)
18 U.S.C. § 1951(a)
18 U.S.C. § 924(c)(1)(A)(iii)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)(1)
18 U.S.C. § 853



FILED BY ___RB___
Deputy Clerk
Mar 26, 2015
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

UNITED STATES OF AMERICA

vs.

DANIEL OCHOA,

        Defendant.
_____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
(Hobbs Act Robbery)
18 U.S.C. § 1951(a)

On or about August 15, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DANIEL OCHOA,**

did knowingly obstruct, delay, and affect commerce and the movement of articles in commerce by means of robbery, as the terms "robbery" and "commerce" are defined in Title 18, United States Code, Sections 1951(b)(1) and (b)(3), by taking U.S. currency and property from the

presence and custody of a Brinks security guard outside of Check Cashing USA, located at 2905 Northwest 27 Avenue, Miami, Florida, against such person's will and by means of actual and threatened force, violence, and fear of injury to such person; in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT 2
### (Possession of a Firearm in Furtherance of a Crime of Violence/Use or Carry of a Firearm During and in Relation to a Crime of Violence)
### 18 U.S.C. § 924(c)(1)(A)(iii)

On or about August 15, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DANIEL OCHOA,**

did knowingly carry a firearm during and in relation to a crime of violence, and did knowingly possess said firearm in furtherance of a crime of violence, an offense for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 1951(a), as charged in Count 1 of the Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii), it is further alleged that the firearm was discharged.

## COUNT 3
### (Possession of a Firearm and Ammunition by a Convicted Felon)
### 18 U.S.C. § 922(g)(1)

On or about September 5, 2014, in Miami-Dade County, in the Southern District of Florida, the defendant,

**DANIEL OCHOA,**

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

It is further alleged that said firearm and ammunition are:

a. One (1) Heckler & Koch, .45 caliber semi-automatic pistol;

b. Twenty (20) rounds of Hornady, .45 caliber ammunition;

c. Two (2) rounds of "R-P" Remington, .45 caliber ammunition; and

d. Thirty-two (32) rounds of Speer, .45 caliber ammunition.

## FORFEITURE ALLEGATIONS

The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **DANIEL OCHOA**, has an interest.

1. Upon conviction of a violation of Title 18, United States Code, Section 1951, as alleged in Count 1 of this Indictment, the defendant, **DANIEL OCHOA**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2. Upon conviction of a violation of Title 18, United States Code, Section 922 or 924, as alleged in Counts 2 and 3 of this Indictment, the defendant, **DANIEL OCHOA**, shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such violation, pursuant to Title 18, United States Code, Section 924(d)(1).

3. The property which is subject to forfeiture includes, but is not limited to, the following:

a. One (1) Heckler & Koch, .45 caliber semi-automatic pistol;

    b. Twenty (20) rounds of Hornady, .45 caliber ammunition;

    c. Two (2) rounds of "R-P" Remington, .45 caliber ammunition;

    d. Thirty-two (32) rounds of Speer, .45 caliber ammunition; and

    e. Approximately $12,900 in United States currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 924(d)(1), both of which are incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

*[signature]*
WIFREDO A. FERRER
UNITED STATES ATTORNEY

*[signature]*
ELINA A. RUBIN-SMITH
ASSISTANT UNITED STATES ATTORNEY

*[signature]*
BRIAN DOBBINS
ASSISTANT UNITED STATES ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA         CASE NO.     14-CR-20674-JLK (s)

vs.

**CERTIFICATE OF TRIAL ATTORNEY***

**DANIEL OCHOA,**

   **Defendant.**
_____/   **Superseding Case Information:**

**Court Division:** (Select One)         New Defendant(s)       Yes _____  No  x
                                         Number of New Defendants
 X  Miami    ___ Key West                Total number of counts        3
 ___ FTL     ___ WPB       ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)    No
   List language and/or dialect

4. This case will take    7    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days     _____          Petty    _____
   II   6 to 10 days      x            Minor    _____
   III  11 to 20 days   _____          Misdem.  _____
   IV   21 to 60 days   _____          Felony     x
   V    61 days and over _____

6. Has this case been previously filed in this District Court? (Yes or No)  Yes
   If yes:
   Judge:                                Case No.  14-CR-20674-JLK
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  Yes
   If yes:
   Magistrate Case No.                   14-mj-03085-AMS
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of  9/5/2014
   Defendant(s) in state custody as of
   Rule 20 from the                      District of

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?        _____ Yes    x   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?        _____ Yes    x   No

                                                       _____
                                                       ELINA A. RUBIN-SMITH
                                                       ASSISTANT UNITED STATES ATTORNEY
                                                       Court ID No. A5501786

*Penalty Sheet(s) attached                                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** DANIEL OCHOA

**Case No:** 14-CR-20674-JLK (s)

Count #:1

Hobbs Act Robbery

Title 18, United States Code, Section 1951(a)

**\*Max. Penalty:** 20 Years' Imprisonment

Count #:2

Possession of a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(iii)

**\*Max. Penalty:** Life Imprisonment

Count #:3

Felon in Possession of a Firearm and Ammunition

Title 18, United States Code, Section 922(g)(1) and 924(e)

**\*Max. Penalty**: Life Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**