# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO. 14-CR-20674-KING

UNITED STATES OF AMERICA,

vs.

DANIEL OCHOA,

        Defendants.

_____/

## ORDER DISMISSING COUNT 3 WITHOUT PREJUDICE

**THIS CAUSE** comes before the Court upon Defendant DANIEL OCHOA's Motion to Dismiss Pending Charge Pursuant to Speedy Trial Act Violation (DE 190), filed April 3, 2017. The Court has additionally considered the Government's Response in Opposition to the Motion to Dismiss (DE 14), filed April 14, 2017. Defendant failed to file any reply in support of the motion, and the time to do so has passed.

## INTRODUCTION

Defendant seeks dismissal of Count 3 of the Superseding Indictment (DE 34) with prejudice based upon the failure to bring him to trial within the timeframe required by the Speedy Trial Act, 18 U.S.C. § 3161(e).[1] The Government concedes that this matter must be dismissed for failure to comply with the Speedy Trial Act, but requests a dismissal without prejudice

---

[1] The three charges contained in the Indictment were severed into two trials. Following the trial on Counts 1 and 2, the jury returned a verdict of guilty as to both counts. DE 123. Following the trial on Count 3, the jury was unable to come to a decision, and the Court declared a mistrial. DE 131.

1

# RELEVANT PROCEDURAL HISTORY

On September 18, 2014, Defendant was charged by indictment with knowingly obstructing, delaying, and affecting commerce and the movement of articles in commerce by means of robbery in violation of 18 U.S.C. § 1951(a) (Count 1), possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2), and felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 3).[2]

Without opposition from the government, Defendant moved to have the trial of Counts 1 and 2 severed from the trial of Count 3, which the Court granted. DE 44; DE 45. The trial of Counts 1 and 2 commenced on September 19, 2016 and the jury returned a verdict of guilty as to both counts on September 22, 2016. DE 123. The trial of Count 3 commenced on September 26, 2016 and, after the jury was unable to reach a decision, the Court declared a mistrial on September 27, 2016. DE 161.

The day after the mistrial was declared, on September 28, 2016, the Court entered a scheduling order setting the retrial of Count 3 for the two-week calendar commencing January 19, 2017. DE 138. Approximately three weeks before the scheduled retrial date, counsel for Defendant filed a motion to withdraw from the case, which was granted following a hearing on the motion, and the retrial was continued. DE 153; DE 165. As Defendant was at that point seeking court-appointed counsel,[3] the Court referred this matter to Magistrate Edwin G. Torres to determine if Defendant qualified for same. DE 165. On January 30, 2017, Magistrate Judge Torres appointed the Federal Public Defender to represent Defendant, and AFPD Katie Carmon

---

[2] A superseding indictment was filed on March 27, 2015, but the statutes which Defendant was charged with violating did not change. *See* DE 34.
[3] Defendant was previously represented by privately retained counsel.

2

filed her appearance on February 1, 2017. DE 171; DE 173. Two days later, AFPD Carmon filed a notice with the Court in which she requested sixty days to prepare for the trial. DE 174. AFPD Carmon's filing made no mention of any then-existing Speedy Trial Act violations, nor did she at any time file a Speedy Trial Act Report as required by Rule 88.5 of the Local Rules for the Southern District of Florida. *See id.*

Based on AFPD Carmon's request for sixty days to prepare for the trial, the Court set the retrial of Count 3 for the two-week calendar commencing April 17, 2017. DE 175. The scheduling order advised the parties, *inter alia*, of the following:

> **ALL PARTIES SHALL TAKE NOTICE THAT THE SCHEDULED TRIAL DATE IN THE ABOVE-STYLED CASE MAY BE SET BEYOND THE TIME LIMITS OF THE SPEEDY TRIAL ACT. THE COURT SHALL DEEM SPEEDY TRIAL TO BE WAIVED UNLESS THE PARTIES OTHERWISE NOTIFY THE COURT WITHIN TEN (10) DAYS AFTER RECEIPT OF THIS ORDER THAT THEY OBJECT TO THIS TRIAL DATE AND INSIST, IN WRITING, ON A TRIAL DATE WITHIN THE SPEEDY TRIAL ACT DEADLINES.**

DE 138 at 1-2 (emphasis in original). No objections to the trial date were filed, and none of the parties submitted Speedy Trial Act reports as required by Rule 88.5. *See* S.D. Fla. L.R. 88.5.

## CALCULATION OF SPEEDY TRIAL PERIOD[4]

The Speedy Trial Act states, in pertinent part,

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final.

18 U.S.C. § 3161(e). The statute additionally lists various periods of delay that are excludable from the computation of when a trial shall commence. 18 U.S.C. § 3161(h)(1).

---

[4] By order entered December 8, 2016, the Court directed the parties to submit up-to-date Speedy Trial Act Reports, and the parties submitted their Joint Speedy Trial Report on December 13, 2016. DE 70, 73.

3

As the mistrial of Count 3 was declared on September 27, 2016, the Speedy Trial Act retrial period in this case began to run on September 28, 2016.[5] *See* DE 161. The retrial period expired seventy days later on December 6, 2016.[6]

## DELAY BEYOND THE SPEEDY TRIAL PERIOD

The opinion of the Eleventh Circuit Court of Appeals in the matter of *United States v. Young* seems to indicate that periods of delay which occur beyond the expiration of the speedy-trial clock may not be considered "excludable" under the Act. 2016 WL 7406315, No. 15-12389, at *2 (11th Cir. Dec. 22, 2016) (citing *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), for the proposition that a deadline cannot be tolled "when there is no period remaining to be tolled."). Accordingly, the Court calculates the delay beyond the expiration of the speedy-trial clock as 154 days.[7]

## DISCUSSION

The next issue the Court must address is whether the circumstances of this case warrant dismissal with or without prejudice. The Eleventh Circuit Court of Appeals has explained that "in deciding whether to dismiss an indictment for violation of the Speedy Trial Act with or without prejudice, 'there is no preference for one type of dismissal over the other.'" *United States v. Branham*, 285 F. App'x 642, 643 (11th Cir. 2008) (citing *United States v. Brown*, 183 F.3d 1306, 1309 (11th Cir. 1999)). The Speedy Trial Act provides for the factors the Court must consider in making this determination: "[1] the seriousness of the offense; [2] the facts and

---

[5] 18 U.S.C. § 3161(h)(1) (periods of delay resulting from "any proceding[] concerning the defendant" are "excluded in computing the time within which . . . the trial of any such offense must commence.").
[6] Aside from September 27, 2016, there were no excludable days during the Speedy Trial Act retrial period.
[7] There are 154 calendars days between December 6, 2016 and May 9, 2017.

4

circumstances of the case which led to the dismissal; [3] and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C.A. § 3162 (2016). Once the district court has considered these factors, the court's judgment "should not lightly be disturbed." *United States v. Knight*, 562 F.3d 1314, 1322 (11th Cir. 2009) (quoting *United States v. Taylor*, 487 U.S. 326, 337 (1988).

With respect to the seriousness of the offense, the Eleventh Circuit has observed that "where the crime charged is serious, the court should dismiss only for a correspondingly severe delay." *Branham*, 285 F. App'x At 644 (citing *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir. 1984)). Here, Defendant appears to concede that the offense charged in Count 3 is serious, but raises a strange argument that the Court should consider it to be less serious because he was simultaneously charged with two far more serious counts for which he was already convicted and sentenced. DE 190 at 6. In any event, it is beyond dispute that the crime charged is serious. *See United States v. Jones*, 601 F.3d 1247, 1257 (11th Cir. 2010) (finding "possession of ammunition by a convicted felon . . . [is] clearly [a] serious crime[] . . . ."). Accordingly, the Court finds that the first factor weighs heavily in favor of dismissal without prejudice.

The second factor, the facts and circumstances leading to the dismissal, also weighs heavily in favor of a dismissal without prejudice. The Court's scheduling order altered the parties that it was possible that the scheduled trial date in this case was set "beyond the time limits of the speedy trial act" and directed the parties to notify the Court promptly if there was a speedy trial issue and they required an earlier trial date. Additionally, the Court's local rules require the parties to file periodic written Speedy Trial Reports setting forth the computation of the speedy trial period, the excludable time, and the "final date upon which the defendant(s) may be tried in compliance with the speedy trial plan of this Court. S.D. Fla. L.R. 88.5. Yet none of the parties

5

informed the Court that there was any speedy trial issue with respect to the retrial on Count 3, requested an earlier trial date, or filed a report prospectively alerting the Court that the scheduled trial date presented a speedy trial problem that could not be waived or otherwise remedied by the parties' non-objection. Moreover, the Speedy Trial Act violation which forms the basis of the instant motion was complete at the time Defendant's present counsel entered the case (and then proceeded to request an *additional* sixty days to prepare for trial). As a result, this issue was not brought to the Court's attention until 116 days after the Speedy Trial Act's retrial period had elapsed.[8] Therefore, much of the blame for a majority of the time which has elapsed following the expiration of the retrial period is properly borne by Defendant, and this factor also weighs heavily in favor of dismissal without prejudice.

Finally, the third factor, the impact of a reprosecution on the administration of justice and the Speedy Trial Act, also weighs in favor of a dismissal without prejudice. The Court recognizes that "[i]n applying this factor, there is almost always 'some tension between the administration of the Act and the administration of justice,'" *Williams*, 314 F.3d 552, 559 (quoting *United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987)), and that the two standard arguments that arise when examining these factors tend to "neutralize each other" because "'[d]efendants can always argue that the minimal sanction of dismissal without prejudice takes the teeth out of the Act's requirements'" and "'the government can always argue that reprosecution furthers the public's interest in bringing criminals to trial.'" *Id.* at 559-60 (quoting *Godoy*, 821 F.2d at 1506). However, the Court concludes, as the Supreme Court has made clear, that a "[d]ismissal without prejudice is not a toothless sanction." *Taylor*, 487 U.S.

---

[8] There are 116 calendar days between December 6, 2016 and the filing of the motion on March 31, 2017.

326, 342 (reversing order that dismissed an indictment with prejudice due to a Speedy Trial Act violation).

In the present case, the government correctly points out that Defendant has failed to identify any prejudice that has impacted his defense or ability to prepare for trial as a result of the Speedy Trial Act violation at issue. Indeed, the Court finds that the prejudice which Defendant claims is little more than illusory and insufficient to warrant a dismissal with prejudice.[9] Balanced against this illusory prejudice is the public's heavy interest in bringing criminals to trial. Accordingly, the Court finds that the third factor also weighs heavily against dismissal without prejudice.

## CONCLUSION

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Count 3 of the Superseding Indictment **(DE 34)** be, and the same is, hereby **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 9th day of May, 2017.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: *Counsel for Defendant*
**Katherine Carmon**
Federal Public Defender's Office
150 W Flagler Street
Suite 1700
Miami, FL 33130

---

[9] Defendant claims he is prejudiced in his ability to prepare for trial because he was transferred from FDC- Miami to a facility in Orlando, Florida on February 28, 2017; the facility to which he was designated for incarceration pursuant to the Judgment entered against him on Counts 1 and 2.

7

*Counsel for Plaintiff*
**Elina A. Rubin-Smith**
U.S. Attorney's Office
Special Prosecutions Section
James Lawrence King Federal Justice Building
99 N.E. 4th Street
Suite 800
Miami, FL 33132